■ VINCENT P. IANNAZZO et al., Appellants, v MILTON E. STANSON, Respondent. (And Another Action.) [778 NYS2d 490]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered on or about December 2, 2003, after a nonjury trial, inter alia, dissolving the parties' partnership, directing an accounting, declaring the parties' memorandum of understanding void and dismissing as moot plaintiff's cause of action for a declaration that the parties' option agreement is enforceable, unanimously modified, on the law, to declare the option agreement void, and otherwise affirmed, with one bill of costs in favor of defendant, payable by plaintiffs. Appeal from order, same court and Justice, entered June 25, 2003, which denied plaintiff's motion to disqualify defendant's counsel, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Ample evidence supports the trial court's findings that the Florida property was partnership property that plaintiff had sold but misrepresented to defendant that he had rented, that such misrepresentation was part of a fraudulent scheme by plaintiff to retain the property or the proceeds of its sale for himself, and that such fraud materially induced defendant's execution of the memorandum of understanding and warrants the dissolution of their partnership. The same fraud also renders the parties' option agreement void, and we modify to declare so. The motion to disqualify was properly denied for failure to show that counsel's testimony at trial was necessary (*see Matter of Galluccio v Fochios*, 303 AD2d 190 [2003]), or that it would have been prejudicial to defendant (*see Ansonia Assoc. Ltd. Partnership v Public Serv. Mut. Ins. Co.*, 277 AD2d 98, 99 [2000], *lv denied* 96 NY2d 715 [2001]). We have considered plaintiff's other arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Sullivan, Lerner and Gonzalez, JJ.